UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIE JOHNSON, | ) | Case No.:  1:16 CV 2816 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| TIMOTHY J. MCGINTY, et al., | ) | |
| | ) | MEMORANDUM OF OPINION |
| Defendants | ) | AND ORDER |

On November 18, 2016, plaintiff *pro se* Willie Johnson, an inmate at the Richland Correctional Institution, filed this civil rights action against the former Cuyahoga County Prosecutor and Assistant County Prosecutor Anthony Miranda. The Complaint alleges that, in 2000, plaintiff was prosecuted and found guilty on 12 counts of rape and 9 counts of gross sexual imposition. Plaintiff also appears to allege he has not been able to obtain rape kits in connection with his convictions. As relief, he seeks damages and either a new trial or immediate release. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167 , at \*2 (6th Cir. Feb. 1, 2000).

Defendants are absolutely immune from liability for actions taken within the scope of their official duties. *Pierson v. Ray*, 387 U.S. 547 (1967) (judges); *Imbler v. Pachtman*, 424 U.S. 409 (1976) (prosecutors). There is no suggestion in the Complaint that defendants acted outside the

scope of those duties.  Further, the Supreme Court has held that, when a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus."  *Preiser v. Rodriguez*, 411 U.S. 475, 501 (1973).

Accordingly, this action is dismissed under section 1915A.  Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3),  that an appeal from this decision could not be taken in good.

*/S/ SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

February 27, 2017